IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,478-01






EX PARTE ALLEN ALI SATTERFIELD, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER WHCP-05-13694A IN THE 52ND

DISTRICT COURT CORYELL COUNTY 



 


 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of burglary of a habitation and sentenced to imprisonment
for a term of thirty-five years. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel provided ineffective assistance. Applicant alleges that he agreed to plea guilty
to an offense of burglary of a habitation with intent to commit theft. He states that this
offense, when committed, was a second-degree felony. He alleges that when he went to the
plea hearing, the cause was changed to another cause for which Applicant had been charged. 
This other charge, Applicant reports, was also for burglary of a habitation, but at the time that
offense was committed, he says, the crime was a first-degree felony. He states that he was
then convicted for the first-degree felony burglary of a habitation rather than for the
second-degree felony burglary of a habitation to which he agreed to plea guilty. He states
that counsel was ineffective for failing to object to this change or inform Applicant of the
ramifications of the change.

 Nevertheless, Applicant received deferred adjudication community supervision for a
period of ten years. Later, the community supervision was revoked and Applicant was
sentenced to a term of thirty-five years in prison. He argues that the maximum sentence he
should have received was twenty years as he had only agreed to plea to a second-degree
felony.

 While the trial court has entered findings of fact and conclusions of law, it is this
Court's opinion that additional information is needed, including an affidavit from trial
counsel addressing Applicant's ineffective assistance of counsel claims, before this Court can
render a decision on this ground for review. Further, the trial court has cited to a
transcription of the plea hearing in its findings. The transcription, though, was not included
in the record supplied to this Court.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order an affidavit from trial counsel that addresses Applicant's
claims. The trial court may also order depositions, interrogatories, or hold a hearing. In the
appropriate case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall supplement the
record to this Court with counsel's affidavit, and the trial court shall make any further
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, the trial court shall
supplement the record to this Court with a copy of the transcription of Applicant's plea
hearing, which is cited to in the trial court's findings.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294,
this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial
court's compliance with this order. Resolution of the issues shall be accomplished by the trial
court within 90 days of the date of this order. (1) A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)




FILED: January 18, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.